**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THE SNIPER,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF DEFENSE,

Defendant.

Case No. 2:23-cv-01692-APG-NJK

**REPORT AND RECOMMENDATION**

On October 19, 2023, the Court screened Plaintiff's complaint, finding that it failed to establish that she had exhausted administrative remedies. Docket No. 4. The Court provided Plaintiff an opportunity to amend her complaint if she believed the deficiencies could be cured. *Id*. at 4. Plaintiff has now filed an amended complaint. Docket No. 7.[1]

## I. Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim

[1] The Court construes *pro se* filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

As with the prior complaint, the amended complaint fails to establish federal subject matter jurisdiction. The amended complaint seeks relief because Plaintiff claims to have been denied employment/recruitment with the United States Space Force pursuant to 10 U.S.C. § 504(a) for being a convicted felon. *See* Docket No. 7 at 4. Before filing suit, an employment plaintiff must administratively exhaust her remedies with the United States Equal Employment Opportunity Commission or the Nevada Equal Rights Commission. *See, e.g.*, *You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248-49 (D. Haw. 2013). The plaintiff must attach to her complaint

the right to sue letter issued in relation to those administrative proceedings. *See, e.g.*, *Delaney v. Lynwood Unified School Dist.*, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008). Federal subject matter jurisdiction is lacking where a plaintiff does not exhaust her administrative remedies. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). Here, Plaintiff has not demonstrated that she has exhausted the administrative remedies available to her, and therefore fails to establish how this Court has federal subject matter jurisdiction over her claims. *See* Docket No. 7 at 4.

Even if this Court had jurisdiction to reach the merits of Plaintiff's complaint, however, her claim that she was deprived of an equal employment opportunity under "Article 14 Section 1 of the United States Constitution" fails.[2] Plaintiff fails to demonstrate that she was discriminated against as a member of a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against plaintiff based upon membership in a protected class"). Moreover, her rights were not violated by the denial of her application. *See Maier v. Orr*, 754 F.2d 973, 980 (Fed. Cir. 1985) ("No one has an individual right, constitutional or otherwise, to enlist in the armed forces, the composition of those forces being within the purview of the Congress and the military."); *see also Bethune v. Maria*, 2012 WL 896185, at *4-5 (S.D.N.Y. Mar. 16, 2012). The applicable statutes and regulations clearly empower the United States Space Force to deny enlistment to a convicted felon. *See* 10 U.S.C. § 504(a) ("No person . . . who has been convicted of a felony, may be enlisted in any armed force."). Plaintiff concedes she is a convicted felon and, therefore, her claim fails. *See* Docket No. 7 at 2. Thus, Plaintiff fails to allege a claim upon which relief can be granted.

---

[2] The Court construes Plaintiff's complaint to allege a violation of her Fourteenth Amendment rights.

Particularly given that Plaintiff has already been afforded an opportunity to amend, further attempts to amend would be futile. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: November 20, 2023

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).