UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE SNIPER,<br><br>     Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>     Defendant | Case No.: 2:23-cv-01692-APG-NJK<br><br>**Order Accepting Report and Recommendation and Closing Case**<br><br>[ECF No. 9] |

On November 20, 2023, Magistrate Judge Koppe recommended that I dismiss this case for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. Plaintiff The Sniper did not object. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)). Accordingly, I accept the report and recommendation to dismiss the amended complaint (ECF No. 7) without prejudice, and without leave to amend.

Judge Koppe did not give The Sniper leave to amend, but The Sniper filed a second amended complaint. ECF No. 10. Because The Sniper filed the second amended complaint without permission, it violates Federal Rule of Civil Procedure 15 and is a rogue document. Nevertheless, because The Sniper is a pro se litigant, I have reviewed the second amended complaint to see if it corrects the defects pointed out by Judge Koppe. It does not. Even if I

accept as true The Sniper's contention that The Sniper could not exhaust administrative remedies through the EEOC (ECF No. 10 at 4), The Sniper still has not demonstrated that any discrimination that may have happened was based on membership in a protected class, as pointed out by Judge Koppe. The Sniper confirms this by admitting that persons with a criminal background are not a protected class. ECF No. 10 at 4. Thus, the second amended complaint still fails to state a claim. I therefore strike the second amended complaint as a rogue document, and deny The Sniper the right to file another amended complaint because amendment would be futile. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Consequently, I dismiss this case, and direct the clerk of the court to close this file.

I THEREFORE ORDER that Magistrate Judge Koppe's report and recommendation (ECF No. 9) is accepted, and the plaintiff's amended complaint is dismissed.

I FURTHER ORDER that the second amended complaint (ECF No. 10) is STRICKEN.

I FURTHER ORDER the clerk of court to close this case.

DATED this 8th day of December, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE